# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-1611

_____

TIMOTHY WADE COFFELL,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Washington County.
Tim Register, Judge.

October 31, 2018

PER CURIAM.

    Appellant, Timothy Wade Coffell, was convicted of possession of marijuana in excess of twenty grams (Count 1), cultivation of cannabis (Count 2), and possession of paraphernalia (Count 3). His sentencing scoresheet reflected a score of 16.9 points. Pursuant to section 775.082(10), Florida Statutes (2016), Appellant was entitled to a non-state prison sanction, unless the trial court made written findings that a non-state prison sanction could present a danger to the public. The trial court made written findings that Appellant could present a danger to the public if subject to only a non-state prison sanction and sentenced him to concurrent terms of three years of imprisonment on Counts 1 and 2 and to time served on Count 3. Appellant challenges the constitutionality of section 775.082(10), arguing that it is

unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the finding of danger to the public was not made by a jury.

The outcome of this case is controlled by our recent decision in *Booker v. State*, 244 So. 3d 1151 (Fla. 1st DCA 2018), where we held that section 775.082(10) was unconstitutional as applied to Booker because it authorized the trial court to make factual findings that increased his maximum sentence from one year in county jail to four years in prison, contrary to the holdings in *Apprendi* and *Blakely v. Washington,* 542 U.S. 296 (2004). *Id.* at 1156-64. *But see Brown v. State*, 233 So. 3d 1262 (Fla. 5th DCA 2017), *review granted*, SC18-323, 2018 WL 2069393 (Fla. Apr. 9, 2018). Here, the trial court made factual findings that increased Appellant's maximum sentence from one year in jail to three years in prison. Therefore, as required by *Booker*, we reverse Appellant's sentence and remand for resentencing under the prior version of section 775.082(10). *See* 244 So. 3d at 1168-69.

REVERSED and REMANDED.

WOLF and LEWIS, JJ., concur; ROWE, J., concurs with opinion.

––––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––––

ROWE, J, concurring.

I fully concur with the majority opinion and write only to address the State's argument that Coffell's sentence was not unconstitutional or in conflict with the holdings in *Apprendi* or *Blakely* because the trial court made explicit findings based on Coffell's prior convictions to support its finding that the imposition of a nonstate prison sanction would present a danger to the public. Contrary to the State's argument, the record demonstrates that the trial court did not rely solely on Coffell's prior convictions when it decided to impose a state prison sentence pursuant to section

775.082(10). Instead, the trial court made several findings unrelated to Coffell's prior convictions including the following: that a number of firearms were located in Coffell's residence, that some of the firearms were hidden in a couch, that Coffell lived in a trailer park with nearby residents, and that Coffell possessed the firearms "to protect the cannabis that he was in possession of at the time of the search warrant." Because the court's order reflects that the court relied on more than just Coffell's prior convictions when it imposed his sentence, I agree we are constrained by our decision in *Booker v. State*, 244 So. 2d 1151 (Fla. 1st DCA 2018), to reverse and remand for resentencing.

---

Andy Thomas, Public Defender, and Megan Long, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Quentin Humphrey, Assistant Attorney General, Tallahassee, for Appellee.